

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 30, 1947

Hon. E. H. Hereford
Dean, North Texas Agricultural College
Arlington, Texas

Opinion No. V-320

Re: Authority of North
Texas Agricultural
College to sell land
and disposition of
proceeds of such sale

Dear Sir:

This opinion is in response to your letter of June 19, 1947, which reads as follows:

"In 1945 the North Texas Agricultural College purchased a lot, using local funds to pay for same. We have now changed our plans and do not wish to extend our holdings in that direction and desire to sell this lot.

"First, can we sell this lot purchased with local funds without an act of the Legislature?

"Second, will the purchase price together with the profits revert to our local funds?"

North Texas Agricultural College is governed by Articles 2620 to 2623a, inclusive, Vernon's Civil Statutes. Under Article 2620, the College is placed under direction of the Board of Directors of Texas Agricultural and Mechanical College, called a Supervisory Board, and a "Local Board of Managers." As we construe your letter, your request concerns the authority of the Local Board of Managers to sell and convey land. If this authority exists, it must be found within the statutory provisions indicated. We find no such authority, either expressed or implied, in these pro-

visions and therefore advise you that the Local Board
of Managers may not sell or convey land.

As regards the authority of the Board
of Directors of Texas Agricultural and Mechanical
College to make the sale which you desire, we find
only three instances under which such Board is authori-
zed to sell land. These are for permanent improvements
(Article 2613a-1, Secs. 1 and 4, V.C.S.); in connection
with its duties regarding forestry (Article 2613a-2,
Sec. 5, V.C.S.); and its duties regarding experimental
stations (Articles 139 and 140, V.C.S.). The powers
granted in connection with forestry and experimental
stations are not applicable to your situation. We doubt,
from the facts given in your letter, that the provisions
dealing with permanent improvements (Article 2613a-1)
are applicable. However, we quote Sections 1 and 4 for
your information:

"Sec. 1 - The Board of Directors
of the Agricultural and Mechanical College
of Texas is hereby authorized to contract
with persons, firms or corporations for the
purchase of, or the acquisition of, or the
erection of permanent improvements on or
conveniently located in reference to the
campus of said College, or to the campuses
of any or all of its branch institutions,
and to purchase, sell, or lease lands and
other appurtenances for the construction
of such permanent improvements provided that
the State of Texas incurs no indebtedness
under the contracts."

"Sec. 4 - Said Board of Directors
is further authorized to sell, encumber or
contract with reference to the divesting or
encumbering of the title to any part of the
campus or other property of said College or
of its branch institutions as may be necessary
in the construction or acquisition of dormi-
tories except that no debt shall be created
against said institution or the State of
Texas."

Although the provisions just quoted are
not altogether clear, we construe them to mean that
property which is no longer required by one of the in-
stitutions under the control of the Board may be sold

by the Board and the proceeds used to erect or aid in the erection of the permanent improvements contemplated by Article 2613a-1. We are unable to say, from the facts given, that the provisions indicated apply to your situation. Nevertheless, this is the only statutory authority of sale which could apply in your case, and we have quoted the provisions for your guidance in the event they should apply.

On the contrary, it would appear that the land in question is merely excess over present requirements. It does not appear that the consideration to be paid is required, or will be used, in connection with the erection of improvements as contemplated by Article 2613a-1. As a matter of fact, the situation presented is similar to that involved in our Opinion No. 0-2417 in which it was held that the Board had no authority to convey under the facts there presented. If this analysis of the facts is correct, then it follows that a special act of the Legislature will be required in order to authorize your conveyance.

Your second question deals with the disposition of the consideration derived from the sale. If the sale is made under Article 2613a-1, the consideration received would go into the permanent improvements contemplated by that article. If a special Act of the Legislature is required to authorize the sale, the Act should make provision therein as to the disposition you desire.

## SUMMARY

Neither the Local Board of Managers of North Texas Agricultural College, nor the Board of Directors of Texas Agricultural and Mechanical College may sell and convey land which is merely excess over present College requirements except through special legislative Act, unless facts are present justifying the application of Article 2613a-1, V. C. S.

The disposition to be made of the consideration to be received should be provided for in the Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   H. D. Pruett, Jr.
         Assistant

APPROVED

ACTING ATTORNEY GENERAL

HDP:bt